## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TAMMY L. JONES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-797-R** |
| | ) | |
| **INDEPENDENT SCHOOL DISTRICT 89,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant's Partial Motion to Dismiss. Doc. No. 9. Plaintiff responded. Doc. No. 12. Defendant did not reply. Upon review, the Court grants Defendant's motion.

Plaintiff filed this action on September 4, 2019 alleging sex discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, retaliation for engaging in protected activity in violation of Title VII, and for violation of the Oklahoma Anti-Discrimination Act (OADA) and the common law of the State of Oklahoma. *See* Doc. No. 1. Therein, Plaintiff requests relief in the form of actual damages, lost wages and possible future pay, non-economic damages, punitive damages, post judgment interest, and attorney fees. Defendant thereafter filed its motion seeking dismissal of Plaintiff's third claim under the OADA and Plaintiff's request for punitive damages. In response, Plaintiff concedes that dismissal is appropriate. The Court agrees.

First, Defendant argues that Plaintiff's tort claim pursuant to the OADA should be dismissed because Plaintiff failed to comply with the pre-suit notice requirements of the

Oklahoma Government Tort Claims Act (GTCA). Under the GTCA, a plaintiff may not invoke a court's power to adjudicate a tort claim against a political subdivision without complying with the statutory requirements relating to pre-suit notice of such claims. *See* Okla. Stat. tit. 51, § 156(A). Written notice to a governmental entity is a jurisdictional prerequisite. *Wright v. KIPP Reach Acad. Charter Sch.*, No. CIV-10-989-D, 2011 WL 1752248, at *5 (W.D. Okla. May 6, 2011) (citing *Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla.1996)). Therefore, the Court considers the jurisdictional issue first under Federal Rule of Civil Procedure 12(b)(1).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may take one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). A "facial attack . . . questions the sufficiency of the complaint." *Id.* A factual attack goes "beyond allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends." *Id.* The Court construes Defendant's motion as a facial attack. In considering Defendants' facial attack, the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (internal quotation marks and citations omitted); *see also Holt*, 46 F.3d at 1002 ("In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.").

Here, there is no debate as to whether the Defendant is a political subdivision, nor whether the GTCA's pre-suit notice requirements are relevant. Plaintiff simply concedes

that it failed to comply with the GTCA's pre-suit requirements. The Court finds Plaintiff's concession appropriate, and her third claim subject to dismissal.[1]

Second, Defendant argues that Plaintiff's request for punitive damages should be dismissed because punitive damages are unavailable. This issue is not jurisdictional, so the Court considers the issue under the standard proscribed by Rule 12(b)(6). Defendant argues that both state and federal law preclude Plaintiff from seeking punitive damages. In response, Plaintiff again concedes the issue. She is right to do so. That Plaintiff cannot recover punitive damages against Defendant is clear. *See* 51 O.S. § 154(C); 42 U.S.C. § 1981a(b)(1).

Finally, in response to Defendant's motion, Plaintiff requests leave to amend her Complaint. The Court will consider a properly supported motion that complies with both the Western District's Local Civil Rules and the Federal Rules of Civil Procedure but will not grant authorization premised on the request in Plaintiff's response brief.

For the reasons set forth herein, Defendant's Partial Motion to Dismiss is granted. Accordingly, Plaintiff's third claim under the OADA is dismissed, in addition to her request for punitive damages.

**IT IS SO ORDERED** this 19th day of December 2019.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because dismissal is warranted for Plaintiff's failure to meet the GTCA's pre-suit notice requirements, the Court need not address Defendant's alternative arguments for dismissal.